# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ROYAL ENERGY PROPERTIES LLC,<br>Alleged Debtor,<br><br>-and-<br><br>ROYAL ENERGY PROPERTIES DELAWARE LLC,<br>Alleged Debtor.<br><br>ADALBERT KAUFMAN,<br>Appellant, Pro Se. | District Court Case No.: **26-cv-07922**<br><br>Bankruptcy Case Nos.: 26-35727 (KYP)<br>26-35728 (KYP) |

MEMO ENDORSED

## APPELLANT'S MOTION FOR TEMPORARY STAY PENDING APPEAL, LIMITED INJUNCTIVE RELIEF REQUIRING ADVANCE NOTICE OF ANY SALE, AND MOTION TO EXPEDITE APPEAL

**Under 28 U.S.C. § 158(a)(1), Fed. R. Bankr. P. 8007(b), and 8013(a)(2)(B)**

## PRELIMINARY STATEMENT

Adalbert Kaufman is 92 years old, has limited health, and seeks to protect two separate $500,000 claims - a total of approximately $1 million - that he maintains arise from genuine advances of money and remain unpaid. This is not a nominal dispute. The amount at stake is substantial, and the opportunity to recover it is a matter of profound personal and financial importance to him. He came to the Bankruptcy Court seeking a lawful remedy for what he maintains are real obligations, not to make a frivolous filing or to treat the judicial process lightly.

The central point of this motion is straightforward: serious creditor claims deserve a fair opportunity to be proved. Mr. Kaufman does not ask this Court to accept the debts without scrutiny, excuse statutory requirements because of his age, or award him $1 million on an emergency record. He asks that scrutiny occur through clear notice,

reasonable preparation time, lawful compulsory process, and a meaningful opportunity to explain his position and present evidence before findings of bad faith, noncompliance, or other misconduct are used to terminate his cases.

The original July 17 Order to Show Cause identified unpaid filing fees, missing proof of service, and possible dismissal for failure to prosecute or pay the fees. Those identified deficiencies were addressed before the first hearing. The inquiry nevertheless expanded into alleged bad faith, possible fraud, the foreclosure, preparation of filings, and assistance from others. Mr. Kaufman maintains that he had not received adequate advance notice that these materially broader subjects would be examined at that hearing. See July 17 Order (Exhibit C); August 5 Order (Exhibit B).

Based on his present, good-faith recollection, Mr. Kaufman experienced the questioning as unexpected and intimidating and believed that serious conclusions about his honesty and purpose were being formed before he had completed his explanations or presented the evidence supporting his claims. He does not ask this Court to infer the Bankruptcy Judge's private intentions. He asks the District Court to examine whether the procedure gave an elderly, unrepresented creditor a genuine chance to answer the matters ultimately used against him.

The September 3 Order dismissed both cases with prejudice, found noncompliance with 11 U.S.C. § 303(b), found bad faith, and imposed a one-year bar on further involuntary petitions against the alleged debtors. Mr. Kaufman acknowledges that a second hearing occurred, that the Bankruptcy Court permitted him to appear remotely,

and that the final order found sufficient notice. His appeal challenges whether the later proceedings genuinely remedied the initial surprise and afforded a meaningful opportunity to prepare, present evidence, and respond. The issue is not merely whether hearings occurred, but whether he received a fair chance to be heard on the grounds ultimately used to dismiss the cases.

Because the present record does not identify a new post-dismissal sale date, Mr. Kaufman does not ask this Court to assume one or to issue a no-notice restraining order based on speculation. Instead, he requests a temporary stay of the dismissal-with-prejudice and one-year-bar provisions, expedited consideration of the appeal, and a narrow injunction requiring advance written notice before any foreclosure, Article 9/UCC sale, auction, or transfer of the identified property or collateral while the stay motion is being considered. That narrower relief preserves the ability to seek targeted protection if a sale is actually scheduled, without treating the disputed $1 million as already adjudicated.

## NATURE AND SCOPE OF THE APPLICATION

Appellant Adalbert Kaufman, appearing pro se, moves under 28 U.S.C. § 158(a)(1), Federal Rule of Bankruptcy Procedure 8007(b), and Rule 8013(a)(2)(B) for a temporary stay pending appeal, limited injunctive relief requiring advance written notice before any sale or disposition, and expedited treatment of his appeal from the September 3, 2026 Order Dismissing Involuntary Chapter 11 Cases With Prejudice (the "September 3 Order").

This motion is deliberately narrower than the temporary restraining relief previously contemplated. The current docket establishes active enforcement litigation by L&L Capital Partners LLC immediately before dismissal, but it does not establish a particular post-dismissal auction or closing date. Appellant therefore seeks preservation, transparency, and expedition rather than an unsupported finding that an unknown sale is imminent.

The relief sought is not an award of the disputed money. Mr. Kaufman does not ask this Court to validate either $500,000 claim, decide creditor counts, determine lien priority, enter an order for relief against either alleged debtor, or decide the foreclosure merits. The substantial financial stakes explain why meaningful appellate review matters; they do not replace the statutory and evidentiary showings required on appeal.

**PROCEDURAL HISTORY**

1. The petitions. On June 24, 2026, Mr. Kaufman commenced two related involuntary Chapter 11 cases. Each petition asserted a separate $500,000 claim, totaling approximately $1 million across the two alleged debtors. See August 5 Order, p. 2 (Exhibit B).

2. The original notice. On July 17, 2026, the Bankruptcy Court entered an Order to Show Cause identifying unpaid filing fees and missing proof of service and directing Mr. Kaufman to appear on August 4 to show cause why the cases should not be dismissed for failure to prosecute and/or failure to pay the filing fees. See Exhibit C.

3. Correction of the identified deficiencies. Before the August 4 hearing, the filing fees were paid, certificates of service were filed, and Mr. Kaufman submitted a written response stating that the matters identified in the July 17 Order had been corrected. See August 5 Order, pp. 2-3 (Exhibit B).

4. The expanded inquiry. According to Mr. Kaufman's good-faith recollection and the August 5 Order's description, the August 4 inquiry addressed alleged bad faith, possible fraud, the foreclosure sale, authorship and control of filings, the purpose of the petitions, creditor eligibility, and assistance from others. Mr. Kaufman maintains that the July 17 written notice did not adequately disclose that broader examination. See August 5 Order, pp. 3-5 (Exhibit B).

5. The August 5 Order. On August 5, the Bankruptcy Court entered an order that recorded adverse observations, cited 18 U.S.C. § 157, required a detailed submission under penalty of perjury, directed Mr. Kaufman and "any and all persons who have aided" him to appear in person, and warned of dismissal and civil contempt. See Exhibit B.

6. The August 14 application below. On August 14, Mr. Kaufman moved to vacate or modify the August 5 Order for lack of adequate notice, to clarify nonparty appearance requirements, extend time, permit remote appearance, and stay limited provisions pending appeal. The current docket identifies that filing as Entry 13. See September 4 Docket Report, p. 2 (Exhibit E).

7. Partial procedural relief, but no docketed stay ruling. On August 27, the Bankruptcy Court entered an order permitting Mr. Kaufman to appear remotely at the second hearing. On August 28, it entered an order denying his request for a court-appointed interpreter. The current docket does not separately identify a written order expressly granting or denying the requested stay of the challenged August 5 provisions. Instead, Entry 13 is marked terminated on September 3, the same date the case was dismissed and closed. See Exhibit E.

8. The leave motion and declaration. The docket records a Motion for Leave to Appeal filed August 19 and a declaration filed August 25. Mr. Kaufman's leave motion raised the notice and unidentified-nonparty issues that remain relevant to the final appeal. See Exhibit E.

9. L&L's enforcement posture. On August 31, L&L Capital filed both a statement supporting dismissal and a Motion for Relief from Stay or, Alternatively, Dismissal. The latter was set for an October 13 hearing, but the hearing was never held; after the cases were dismissed on September 3, the docket states that the stay-relief motion was stricken as moot. See September 4 Docket Report, pp. 3-4 (Exhibit E).

10. The September 3 dismissal. The final order found that Mr. Kaufman failed to comply with the Second Order to Show Cause, found that the involuntary petitions did not comply with § 303(b), found bad faith, and stated that sufficient notice had been given. It dismissed both cases with prejudice and barred any other involuntary petition against the alleged debtors for one year. See Exhibit A.

11. The appeal. Mr. Kaufman filed a Notice of Appeal from the September 3 Order. The present motion seeks temporary protection and expedited review without treating either disputed claim as an established entitlement.

## JURISDICTION, PRIOR APPLICATION, AND GOVERNING STANDARD

### A. Appellate authority and limited interim relief

Section 158(a)(1) gives the District Court jurisdiction over appeals from final bankruptcy orders. Rule 8007(b) permits a motion in the court where the appeal is pending for a stay, an injunction while the appeal is pending, or other relief specified in the rule. Rule 8013(a)(2)(B) separately permits a motion to expedite the appeal when circumstances justify considering it ahead of other matters.

Mr. Kaufman invokes these provisions to preserve meaningful review of his own creditor claims. He does not purport to represent the alleged-debtor entities or to litigate independent rights belonging to relatives or other nonparties.

### B. Prior presentation to the Bankruptcy Court

Rule 8007 ordinarily requires a party first to seek stay or injunctive relief in the Bankruptcy Court. Mr. Kaufman did so in material part on August 14, when he sought to vacate or modify the August 5 Order, stay limited provisions pending appeal, clarify the unidentified-nonparty command, obtain additional time, and participate remotely. The current docket shows that remote appearance was later permitted, but it does not show a separate written order expressly granting the requested stay; the August 14 motion was marked terminated when the case was dismissed and closed on September 3. See Exhibit E.

The specific final order now on appeal did not exist when the August 14 motion was filed. Mr. Kaufman has not represented that a separate post-dismissal Rule 8007 motion to stay the September 3 Order or require advance sale notice was filed in the Bankruptcy Court. He therefore does not ask this Court to overlook Rule 8007(b)(2). If the Court concludes that further initial consideration below is required for the newly tailored relief, Mr. Kaufman respectfully asks that this motion be held in abeyance or that the limited stay/injunction request be remanded for prompt consideration, rather than denied on a technical ground. The appeal itself should remain pending in this Court.

This approach candidly distinguishes what was presented below from what became possible only after the September 3 final dismissal. It also recognizes that the Bankruptcy Court's closure of the cases does not, by itself, establish that a further application there is legally impossible.

**C. Standards for stay, limited injunction, and expedition**

The familiar stay factors are whether the applicant has made a strong showing of likely success on the merits; whether irreparable injury will occur without relief; the injury to other interested parties; and the public interest. Nken v. Holder, 556 U.S. 418, 434-35 (2009). Likelihood of success and irreparable injury are particularly important. Mr. Kaufman does not rely on the amount of his claims or his age as substitutes for those factors; they provide context for the practical consequences of delay.

The requested injunction is deliberately limited to advance notice of any sale or disposition, rather than a blanket prohibition unsupported by a current sale date. That narrow requirement would allow Mr. Kaufman to seek targeted relief if an actual sale is scheduled while minimizing prejudice to L&L. Rule 8013(a)(2)(B) also authorizes expedited treatment of the appeal where prompt resolution is justified.

## ARGUMENT

### I. THE APPEAL PRESENTS A SERIOUS DUE-PROCESS QUESTION BECAUSE THE FIRST HEARING EXPANDED BEYOND THE SUBJECTS IDENTIFIED IN THE WRITTEN NOTICE

Mr. Kaufman's central request is a fair opportunity to prove serious claims, not an exemption from proving them. Due process requires notice reasonably calculated to inform an affected person of the matter to be addressed and a meaningful opportunity to present objections and evidence. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); Armstrong v. Manzo, 380 U.S. 545, 552 (1965); United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010). Bankruptcy Rule 9014(a), where applicable, likewise requires reasonable notice and an opportunity to be heard.

The July 17 Order concerned unpaid fees, proof of service, and possible dismissal for failure to prosecute or pay the fees. The August 5 Order describes a materially broader inquiry into alleged bad faith, possible fraud, the foreclosure, preparation and control of filings, creditor eligibility, and the purpose and merits of the petitions. The appeal asks whether notice of the first subjects adequately informed Mr. Kaufman that the second would be examined in a manner capable of producing adverse findings and coercive obligations.

Mr. Kaufman does not challenge the Bankruptcy Court's authority to investigate abuse or determine statutory eligibility. He challenges the way the inquiry expanded and the opportunity afforded to respond. He maintains that the lack of advance notice left him unprepared to organize his loan documents, address creditor counts, explain his understanding of the approaching sale, and distinguish his own decisions from assistance received from others.

The seriousness of approximately $1 million in asserted unpaid obligations does not change the legal standard, but it underscores the consequence of the procedure. For a 92-year-old pro se creditor, losing both cases with prejudice after a proceeding that he says shifted unexpectedly from procedural defaults to bad faith and possible fraud is not a minor case-management event. The District Court should review whether he received the constitutionally meaningful opportunity to answer the grounds eventually used against him.

## II. THE SECOND HEARING MUST BE EXAMINED TO DETERMINE WHETHER IT GENUINELY CURED THE INITIAL NOTICE PROBLEM

Mr. Kaufman acknowledges facts that cut against an overbroad due-process argument. The August 5 Order identified broader issues, he filed a declaration, the Bankruptcy Court permitted him to appear remotely, and a second hearing occurred. He therefore does not argue that an initial notice problem automatically invalidated every later step.

The question is narrower and more important: whether the later process actually remedied the initial surprise and afforded a meaningful opportunity to prepare, explain,

and present evidence before dismissal with prejudice and findings of bad faith. The August 5 Order simultaneously supplied further directions, recorded adverse observations, cited a criminal bankruptcy-fraud statute, compelled a detailed submission, directed an undefined class of persons to attend, and threatened dismissal and contempt.

The current docket also shows that the Bankruptcy Court denied a request for a court-appointed interpreter, while the final September 3 Order itself states that it had become apparent at the first hearing that Mr. Kaufman did not speak English. Mr. Kaufman does not argue here that a court-appointed interpreter was automatically required as a matter of law, nor does the docket reveal the reasons for the denial. The language difficulty is nevertheless relevant to the practical question whether the opportunity to respond was meaningful.

The final order relied on both hearings, found sufficient notice, and stated that Mr. Kaufman appeared at the second hearing but failed to address the Court's questions or concerns. He disputes the fairness and adequacy of that process without omitting the Court's stated reasons. Appellate review should determine whether any procedural shortcoming materially affected the findings.

If vacatur or remand is warranted, Mr. Kaufman asks that any further proceeding provide: (1) clear written notice of the specific factual and legal issues; (2) reasonable time to gather documents and prepare; (3) identification of any particular nonparty whose appearance is sought and the basis for the request; (4) proper individual notice

and lawful process for any nonparty witness; (5) an opportunity to present evidence supporting both separate $500,000 claims; and (6) an opportunity to respond before findings of bad faith, fraud, false testimony, or sanctionable conduct are made.

## III. THE UNDEFINED NONPARTY COMMAND PRESENTS A SEPARATE QUESTION OF CLARITY AND LAWFUL COMPULSORY PROCESS

The August 5 Order directed "any and all persons who have aided" Mr. Kaufman to appear personally, without naming the persons, defining what conduct constituted "aiding," identifying the material subject of their testimony, or explaining how independent adults would receive individual notice and be compelled to attend. The phrase could encompass a person directing the litigation or a relative who merely discussed urgency, typed a document, provided transportation, or helped with technology.

Bankruptcy Rule 9016 makes Civil Rule 45 applicable in bankruptcy cases and supplies the ordinary subpoena procedure for an identified nonparty witness. Civil contempt also requires a clear and unambiguous command. Gucci America, Inc. v. Bank of China, 768 F.3d 122, 142-43 (2d Cir. 2014). In the discharge-order context, Taggart v. Lorenzen, 587 U.S. 554, 561-62 (2019), likewise applies the principle that civil contempt is inappropriate where there is a fair ground of doubt concerning an order's reach.

Mr. Kaufman does not claim a blanket family privilege or immunity for persons who prepared, filed, directed, or controlled the cases. He asks for clarity and lawful process. He also maintains that he cannot guarantee an independent adult's attendance

merely by asking. The opportunity to pursue two substantial creditor claims should not turn on an unexpressed obligation to produce persons whom he has no legal authority to compel.

## IV. THE CURRENT RECORD SUPPORTS EXPEDITED REVIEW AND A NARROW ADVANCE-NOTICE INJUNCTION, NOT AN UNSUPPORTED ASSERTION THAT A SALE IS ALREADY SCHEDULED

The current docket materially improves the record. It shows that on August 31, L&L filed a statement supporting dismissal and separately moved for relief from stay or, alternatively, dismissal. That stay-relief motion was set for an October hearing but became moot when the cases were dismissed on September 3. See Exhibit E. Together with the August 5 Order's description of an earlier imminent sale that had been cancelled, those filings establish an active enforcement posture.

They do not establish a specific post-dismissal sale date. Mr. Kaufman therefore does not ask the District Court to find an emergency sale date that the record does not contain. That candor strengthens, rather than weakens, the request for a narrower preservation order.

While the stay motion and appeal are pending, the Court can preserve meaningful review by requiring L&L Capital Partners LLC, its agents, attorneys, and persons acting in active concert or participation with it who receive actual notice to provide Mr. Kaufman at least seven calendar days' written notice before conducting or completing any foreclosure sale, Article 9/UCC sale, auction, transfer, or other disposition of the property at 1666-1672 Route 9W, Marlborough, New York, or

related collateral that was the subject of the bankruptcy enforcement dispute. If a sale is actually scheduled, Mr. Kaufman can then make a fact-specific request for further relief.

That approach avoids the central defect in the earlier draft - asking the Court to restrain an imminent event without evidence of its date - while still protecting the practical value of the appeal. It also imposes far less burden than a blanket injunction prohibiting enforcement for the duration of the appeal.

## V. A TEMPORARY STAY OF THE DISMISSAL-WITH-PREJUDICE AND ONE-YEAR-BAR PROVISIONS IS WARRANTED PENDING EXPEDITED REVIEW

The September 3 Order is final and immediately operative. It not only dismissed the cases but did so with prejudice, found bad faith, and imposed a one-year bar on any further involuntary petition against the alleged debtors. Those consequences are materially more serious than a routine dismissal without prejudice.

Mr. Kaufman has presented substantial questions concerning notice, the meaningfulness of the opportunity to respond, and the scope of the nonparty command. He also recognizes that § 303(b) was an independent ground for dismissal and that the size of his claims does not itself establish eligibility. The stay request therefore does not rest on an assertion that he must ultimately win; it rests on the seriousness of the procedural questions and the difficulty of restoring the same posture after the one-year bar and bad-faith finding have operated during the appeal.

A temporary stay should be carefully defined. Mr. Kaufman does not ask the District Court to declare that the automatic stay has automatically revived, to require the Bankruptcy Court to resume affirmative case administration, or to authorize a new involuntary petition while the appeal is pending. Any protection against a sale should arise only from the express advance-notice injunction requested in this motion or a later order based on a specific sale notice.

## VI. THE BALANCE OF HARDSHIPS AND PUBLIC INTEREST FAVOR NARROW, TRANSPARENT, AND EXPEDITED RELIEF

Taking Mr. Kaufman's claims seriously does not require disregarding the lender's rights. L&L should be permitted to contest the stay and to identify carrying costs, collateral deterioration, or other concrete prejudice. The requested seven-day notice requirement does not adjudicate lien validity, establish Mr. Kaufman's right to payment, or permanently prohibit enforcement.

The public interest includes preventing abusive involuntary bankruptcy filings, but it also includes clear court orders, fair notice, reliable fact-finding, and lawful compulsory process. A short stay of the dismissal-with-prejudice and one-year-bar provisions, coupled with expedited review and a limited advance-notice requirement, respects both interests.

Mr. Kaufman's age and health do not entitle him to special treatment on the merits. They do make delay unusually consequential. The most balanced course is therefore to accelerate review rather than to decide the merits prematurely.

## REQUEST TO EXPEDITE THE APPEAL

Rule 8013(a)(2)(B) authorizes a motion to expedite an appeal and permits the District Court to accelerate transmission of the record, briefing, oral argument, and resolution. Expedition is justified here because the final order carries a one-year refiling bar, the underlying dispute concerns approximately $1 million in asserted creditor claims, L&L had been actively pursuing stay relief and dismissal immediately before the final order, and the appeal raises procedural questions that can be addressed without first deciding the ultimate validity of the loans.

Mr. Kaufman respectfully requests that the Court set the earliest practicable schedule for completion of the record and briefing and resolve the appeal as promptly as the Court's docket permits.

## NOTICE, SUPPORTING RECORD, AND SECURITY

This motion is not presented as a no-notice emergency motion under Rule 8013(d). Appellant will serve it contemporaneously with filing as Rule 8007(b)(4) requires. The supporting declaration states the personal facts relied upon, while Exhibits A-E provide the relevant written record.

Exhibit A is the September 3 dismissal order; Exhibit B is the August 5 Order Continuing Hearing on Order to Show Cause; Exhibit C is the July 17 Order to Show Cause; Exhibit D is the earlier August 26 docket report that documented the August 14 motion and August 19 leave motion; and Exhibit E is the September 4 docket report showing later events through dismissal and case closure, including remote appearance,

denial of the interpreter request, L&L's August 31 filings, termination of pending matters, and entry of the final dismissal.

Mr. Kaufman requests that the Court exercise its discretion under Rule 8007(c) to require no security for a short stay of the dismissal-with-prejudice and one-year-bar provisions or, alternatively, nominal security. The requested advance-notice injunction does not prevent a sale indefinitely; it requires notice sufficient to permit a targeted application if a sale is actually scheduled.

**RELIEF REQUESTED**

1. Temporarily stay, pending further order of the District Court, the dismissal-with-prejudice and one-year-refiling-bar provisions of the September 3 Order, without deeming the automatic stay reinstated and without requiring affirmative bankruptcy case administration.

2. Require L&L Capital Partners LLC, its officers, agents, attorneys, and persons acting in active concert or participation with it who receive actual notice of the order to provide Appellant not less than seven calendar days' written notice before conducting or completing any foreclosure sale, Article 9/UCC sale, auction, transfer, or other disposition of the property at 1666-1672 Route 9W, Marlborough, New York, or related collateral that was the subject of the bankruptcy enforcement dispute, unless another court order provides a longer notice period.

3. Direct that the notice identify the asset or collateral, the proposed date and time of disposition, and the method of sale or transfer, so that any further request for relief can be based on concrete facts rather than speculation.

4. To the extent the August 5 unidentified-nonparty command remains subject to collateral enforcement against Mr. Kaufman, suspend consequences based solely on his failure to physically produce independent adult nonparties whom he lacked legal authority to compel, without affecting unrelated lawful enforcement or purporting to adjudicate the rights of those nonparties.

5. Expedite the appeal under Rule 8013(a)(2)(B), including the record and briefing schedule, and set such prompt oral argument or submission date as the Court deems appropriate.

6. If the Court concludes that the post-dismissal stay or advance-notice injunction must first be presented again to the Bankruptcy Court, hold this request in abeyance or remand that limited request for prompt consideration while retaining the appeal.

7. Waive security for the limited stay and notice relief or set nominal or other appropriate security after considering any concrete prejudice shown by L&L.

8. Grant such other and further relief as the Court deems just and proper to preserve meaningful appellate review.

## CONCLUSION

Mr. Kaufman came to court to seek recovery of approximately $1 million he maintains is genuinely owed, not to be relieved of the obligation to prove it. At 92 and

with limited health, losing a meaningful opportunity to establish those claims is a matter of profound importance. He asks for careful appellate review of whether the proceedings that produced dismissal with prejudice afforded adequate notice, a meaningful opportunity to respond, and clear lawful process.

At the same time, he does not ask this Court to invent a sale date, assume that the automatic stay has revived, or prevent the lender from exercising lawful rights indefinitely. The current record supports a narrower and more defensible course: a temporary stay of the dismissal-with-prejudice and one-year-bar provisions, a seven-day advance-notice requirement before any sale or transfer, and expedited appellate review.

For those reasons, Appellant respectfully requests the relief set forth above.

Dated: September 8, 2026
Monroe, New York

Respectfully submitted,

**/s/ Adalbert Kaufman**
Adalbert Kaufman
Appellant, Pro Se
3 Stropkov Court, Apt. 202
Monroe, New York 10950
Telephone: 848 328-0231
Email: kaufmana888@gmail.com

## CERTIFICATE OF COMPLIANCE

I certify that this computer-generated motion complies with the type-volume limit in Federal Rule of Bankruptcy Procedure 8013(f)(3)(A). It contains 4,341 words, excluding the caption, signature block, this certificate, the certificate of service, the supporting declaration, and accompanying exhibits. I relied on the word-count function used to prepare this document. The motion uses 14-point Times New Roman type and double-spaced body text.

Dated: September 8, 2026

*Adalbert Kaufman*

/s/ Adalbert Kaufman
Adalbert Kaufman

**DECLARATION OF ADALBERT KAUFMAN IN SUPPORT OF MOTION**

I, Adalbert Kaufman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Appellant and petitioning creditor in Bankruptcy Case Nos. 26-35727 and 26-35728. I am 92 years old, have limited health, and am representing myself without an attorney.

2. I maintain a separate $500,000 claim against Royal Energy Properties LLC and a separate $500,000 claim against Royal Energy Properties Delaware LLC, totaling approximately $1 million.

3. My understanding of the July 17 Order to Show Cause was that the August 4 hearing concerned unpaid filing fees, proof of service, and possible dismissal for failure to prosecute or failure to pay the filing fees.

4. Before the August 4 hearing, the filing fees were paid, certificates of service were filed, and I filed a response stating that the identified deficiencies had been corrected.

5. Based on my present good-faith recollection, the questioning at the August 4 hearing unexpectedly expanded into alleged bad faith, possible fraud, the foreclosure and sale process, who prepared filings or communications, and who had assisted me. I do not present this statement as a verbatim transcript.

6. On August 14, 2026, I filed a motion asking the Bankruptcy Court to vacate or modify the August 5 Order, clarify the nonparty appearance requirement, extend time, permit remote appearance, and stay limited provisions pending appeal.

7. The current docket shows that the Bankruptcy Court later permitted me to appear remotely. It also shows that my request for a court-appointed interpreter was denied. I do not state here what reasons the Court had for that denial because the docket entry does not provide them.

8. The current docket does not show a separate written order expressly granting or denying the stay portion of my August 14 motion. The docket marks that motion terminated on September 3, 2026, the same day the cases were dismissed and closed.

9. On August 31, 2026, L&L Capital Partners LLC filed a statement supporting dismissal and a separate Motion for Relief from Stay or, Alternatively, Dismissal. The docket shows that the stay-relief motion was later stricken as moot because the cases were dismissed.

10. I understand from the August 5 Order that an earlier sale had been described as imminent and had been cancelled after notice of the involuntary petitions.

11. I do not presently have a court record showing a specific post-dismissal foreclosure, UCC sale, auction, transfer, or closing date. I therefore do not ask the District Court to assume that a sale is already scheduled.

12. I request that L&L be required to provide at least seven calendar days' written notice before any sale or transfer of the property or related collateral involved in these proceedings, so that I may seek further relief based on an actual scheduled event if necessary.

13. I have filed a Notice of Appeal from the September 3 dismissal order and seek expedited consideration because of my age, health, the amount at stake, and the one-year bar imposed by the dismissal order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2026, in Monroe, New York.

*Adalbert Kaufman*

/s/ Adalbert Kaufman

Adalbert Kaufman

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2026, I served a true and correct copy of this Motion for Temporary Stay Pending Appeal, Limited Injunctive Relief Requiring Advance Notice of Any Sale, and Motion to Expedite Appeal, together with the supporting Declaration and Exhibits A-E, by first-class mail and, where an email address is known, by email, upon the following:

- Clifford A. Katz, Esq., Goetz Platzer, LLP, 1325 Avenue of the Americas, 14th Floor, New York, NY 10019; (212) 695-8100; ckatz@goetzplatzer.com; counsel for L&L Capital Partners LLC.
- Alicia M. Leonhard, Esq., Office of the United States Trustee, Region 2, 11A Clinton Avenue, Room 620, Albany, NY 12207; (518) 434-4553; USTPRegion02.PK.ECF@USDOJ.GOV.
- Royal Energy Properties LLC, 1666 Route 9W, Milton, NY 12547.
- Royal Energy Properties Delaware LLC, 9 Hayes Court, #201, Monroe, NY 10950.

I declare under penalty of perjury that the foregoing certificate of service is true and correct.

Dated: September 8, 2026

/s/ Adalbert Kaufman
Adalbert Kaufman

**EXHIBIT A - September 3, 2026 Dismissal Order - 1 of 3**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ROYAL ENERGY PROPERTIES LLC,<br><br>Debtor. | Case No. 26-35727 (KYP)<br><br>Chapter 11 (Involuntary) |
| In re:<br><br>ROYAL ENERGY PROPERTIES DELAWARE LLC,<br><br>Debtor. | Case No. 26-35728 (KYP)<br><br>Chapter 11 (Involuntary) |

**ORDER DISMISSING INVOLUNTARY CHAPTER 11 CASES WITH PREJUDICE**

**WHEREAS** on June 24, 2026, Adalbert Kaufman commenced these involuntary chapter 11 cases by filing petitions against the above-captioned debtors, Royal Energy Properties LLC ("Royal Energy") and Royal Energy Properties Delaware LLC ("Royal Delaware" and, together with Royal Energy, the "Alleged Debtors"); and

**WHEREAS** Mr. Kaufman's involuntary petitions were not accompanied by the required filing fee, nor did Mr. Kaufman file proof of service of the summonses and involuntary petitions upon the Alleged Debtors; and

**WHEREAS** on July 17, 2026, the Court entered its *Orders to Show Cause Why Involuntary Cases Should not be Dismissed* ("First Orders to Show Cause"), directing Mr. Kaufman to appear on August 4, 2026 and show cause why the involuntary cases should not be dismissed for failure to prosecute and failure to pay the filing fee ("First Order to Show Cause Hearing"); and

**EXHIBIT A - September 3, 2026 Dismissal Order - 2 of 3**



**WHEREAS** Mr. Kaufman appeared by Zoom at the First Order to Show Cause Hearing, where it became apparent that he did not speak English and was not the person who had prepared and filed the involuntary petitions; and

**WHEREAS** on August 5, 2026, the Court entered its *Orders Continuing Hearing on Order to Show Cause* ("Second Orders to Show Cause"), continuing, to September 1, 2026, the hearing on the First Order to Show Cause ("Second Order to Show Cause Hearing") and directing Mr. Kaufman to, among other things, file an affidavit under penalty of perjury by August 25, 2026 evidencing that his claims against the Alleged Debtors were not subject to a *bona fide* dispute as to liability or amount; and

**WHEREAS** Mr. Kaufman filed a declaration in response to the Second Order to Show Cause on August 25, 2026 and appeared at the Second Order to Show Cause Hearing on September 1, 2026; and

**WHEREAS** L&L Capital Partners LLC ("L&L) asserts secured claims against the Alleged Debtors and filed a Statement in Support of this Court's Order to Show Cause Dismissing the Involuntary Petitions [ECF # 23 on Royal Energy Docket and ECF #21 on Royal Energy of Delaware Docket]; and

**WHEREAS** L&L through counsel, and the Office of the United States Trustee by Alicia Leonhard, Esq. having appeared at the Second Order to Show Cause Hearing in support of dismissal of the Involuntary Petitions, and based upon the detailed record at the hearings on the First Order to Show Cause and the Second Order to Show Cause held before this Court, and the documents filed by Mr. Kaufman and L&L, and Mr. Kaufman having appeared at the Second Order to Show Cause Hearing, but having failed to address the Court questions or concerns, or make any statement on any of the issues:

**EXHIBIT A - September 3, 2026 Dismissal Order - 3 of 3**



**THIS COURT HEREBY FINDS AS FOLLOWS**:

1. Mr. Kaufman has failed to comply with the Second Order to Show Cause;
2. The Involuntary Petitions filed by Mr. Kaufman are not in compliance with Section 303(b) of the Bankruptcy Code; and
3. As evidenced and detailed by the record taken at the Second Order to Show Cause Hearing Mr. Kaufman has filed the Involuntary Petitions in bad faith; and
4. Due and sufficient notice of the First Order to Show Cause Hearing and Second Order to Show Cause hearing having been given and due deliberation having been had and sufficient cause having been established;

**IT IS HEREBY:**

**ORDERED** that the involuntary chapter 11 petitions filed in the above-captioned cases are dismissed with prejudice, and no other involuntary petitions may be filed against these Debtors for the period of one (1) year from the date of entry of this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: September 3, 2026**
**Poughkeepsie, New York**

**/s/ Kyu Y. Paek**
**________________________**
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**

**EXHIBIT B - August 5, 2026 Order Continuing Hearing on Order to Show Cause - 1 of 6**



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 26-35727 (KYP) |
| ROYAL ENERGY PROPERTIES LLC, | Chapter 11 (Involuntary) |
| Alleged Debtor. | |
| In re | Case No. 26-35728 (KYP) |
| ROYAL ENERGY PROPERTIES DELAWARE LLC, | Chapter 11 (Involuntary) |
| Alleged Debtor. | |

**ORDER CONTINUING HEARING ON ORDER TO SHOW CAUSE**

**A. THE STATE COURT FORECLOSURE ACTION**[1]

**WHEREAS**, on April 14, 2025, L&L Capital Partners LLC ("L&L Capital") filed a foreclosure action in the Supreme Court of the State of New York, County of Ulster ("State Court"), against Royal Energy Properties LLC ("Royal Energy") and others to foreclose on property located at 1666-1672 Route 9W, Marlborough, New York ("Property"). *See L&L Cap. Partners LLC v. Royal Energy Props. LLC, et al.*, Index No. EF2025-1280 ("State Court Action").

**WHEREAS**, L&L Capital moved in the State Court Action for the appointment of a receiver (*see* ECF State Court Action Doc. ## 28-32, 33-36), and it appears based on a review of the State Court Action docket that the State Court granted the motion in early June 2026.

[1] "ECF Royal Energy Doc. # _" refers to documents filed on the electronic docket of *In re Royal Energy Props. LLC*, Case No. 26-35727 (KYP). "ECF Royal Delaware Doc. # _" refers to documents filed on the electronic docket of *In re Royal Energy Props. Delaware LLC*, Case No. 26-35728 (KYP). "ECF State Court Action Doc. # _" refers to documents filed on the electronic docket of the State Court Action (defined *infra*).

**EXHIBIT B - August 5, 2026 Order Continuing Hearing on Order to Show Cause - 2 of 6**



**WHEREAS**, between June 2 and June 17, 2026, the parties to the State Court Action litigated the form of the receivership order for entry by the State Court. (*See* ECF State Court Action Doc. ## 96 – 103.)

**B. THE INVOLUNTARY BANKRUPTCY PETITIONS**

**WHEREAS**, on or around June 24, 2026, barebones involuntary Chapter 11 bankruptcy petitions were filed against Royal Energy and its affiliate Royal Energy Properties Delaware LLC ("Royal Delaware") by *pro se* petitioning creditor Adalbert Kaufman ("Mr. Kaufman").

**WHEREAS**, the involuntary petitions were filed in the District Court rather than the Bankruptcy Court. As a result, the involuntary petitions were not docketed until July 9, 2026.

**WHEREAS**, Mr. Kaufman listed himself as the sole petitioning creditor on both involuntary petitions and represented that he is owed $500,000.00 on account of a loan. (ECF Royal Energy Doc. # 1; ECF Royal Delaware Doc. # 1.)

**WHEREAS**, on July 17, 2026, this Court entered the *Order to Show Cause Why Involuntary Cases Should Not Be Dismissed* ("Order to Show Cause") in both involuntary bankruptcy cases stating that Mr. Kaufman had neither (i) paid the filing fee to commence the cases, nor (ii) served the summons and involuntary petitions on the alleged debtors. (ECF Royal Energy Doc. # 3; ECF Royal Delaware Doc. # 3.) The Order to Show Cause scheduled a hearing for August 4, 2026 ("OSC Hearing").

**WHEREAS**, on July 22, 2026, the filing fees were paid for both involuntary cases.

**WHEREAS**, on July 22, 2026, certificates of service were filed by an individual named Mordechai Halberstam ("Mr. Halberstam") who stated that copies of the summons and involuntary petitions were served on each respective alleged debtor eight days earlier, *i.e.*, on July 14, 2026. (ECF Royal Energy Doc. # 6; ECF Royal Delaware Doc. # 6.)

**EXHIBIT B - August 5, 2026 Order Continuing Hearing on Order to Show Cause - 3 of 6**



**WHEREAS**, Mr. Kaufman filed responses to the Order to Show Cause on July 28 and July 31, 2026 requesting that the Court cancel the OSC Hearing. (ECF Royal Energy Doc. ## 7, 8; ECF Royal Delaware Doc. # 7.)

**WHEREAS**, the day before the OSC Hearing, Mr. Kaufman emailed chambers several times requesting that the OSC Hearing be adjourned because he was medically unable to appear, even via remote means, at the hearing.

**WHEREAS**, the Court denied Mr. Kaufman's adjournment request.

**C. THE OSC HEARING**

**WHEREAS**, the OSC Hearing went forward as scheduled on August 4, 2026, and the following parties appeared via Zoom: (i) counsel for L&L Capital, (ii) counsel for the Office of the United States Trustee for Region 2 ("U.S. Trustee"), and (iii) Mr. Kaufman as well as another individual named Zrsha Green.

**WHEREAS**, the Court observed that the involuntary petitions had several hallmarks of a bad faith filing, and the U.S. Trustee agreed with the Court's assessment.

**WHEREAS**, it was clear from Mr. Kaufman's presentation at the OSC Hearing that he was not the person who prepared the responses to the Order to Show Cause or had been corresponding with chambers seeking adjournment of the OSC Hearing.

**WHEREAS**, counsel to L&L Capital stated that Mr. Kaufman had sent a copy of the involuntary petitions to his firm, and as a result, his firm was forced to cancel an imminent foreclosure sale of the Property pursuant to Article 9 of the Uniform Commercial Code.

**EXHIBIT B - August 5, 2026 Order Continuing Hearing on Order to Show Cause - 4 of 6**



**D. APPLICABLE LEGAL STANDARDS**

**WHEREAS**, an involuntary bankruptcy petition must be filed in good faith. *In re Navient Sols., LLC*, 625 B.R. 801, 813 (Bankr. S.D.N.Y. 2021).

**WHEREAS**, the filing of a bankruptcy petition merely to prevent foreclosure is an abuse of the Bankruptcy Code. *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995).

**WHEREAS**, filing an involuntary bankruptcy petition to invoke the automatic stay for the benefit of the putative debtor is bad faith. *F.D.I.C. v. Cortez*, 96 F.3d 50, 51 (2d Cir. 1996); *In re Abir*, No. 07-12877 (ALG), 2007 WL 4556909, at *4-5 (Bankr. S.D.N.Y. Dec. 20, 2007); *In re Grossinger*, 268 B.R. 386, 387 (Bankr. S.D.N.Y. 2001).

**WHEREAS**, an involuntary bankruptcy petition must ordinarily be filed by at least three creditors who hold claims that are not contingent as to liability or the subject of a bona fide dispute as to liability or amount. 11 U.S.C. § 303(b)(1).

**WHEREAS**, the petitioning creditor bears the burden of establishing that their claim is not subject to a bona fide dispute as to either liability or a dispute as to amount. *In re TPG Troy, LLC*, 492 B.R. 150, 159 (Bankr. S.D.N.Y. 2013), *aff'd*, 793 F.3d 228 (2d Cir. 2015).

**WHEREAS**, an involuntary case may be commenced by a single creditor only if there are fewer than 12 total creditors, and the petitioning creditor holds a claim of at least $21,050. 11 U.S.C. § 303(b)(2).

**WHEREAS**, the filing of a fraudulent involuntary bankruptcy petition is a crime punishable by issuance of a fine, imprisonment of not more than five years, or both. 18 U.S.C. § 157.

**NOW, THEREFORE, IT IS**

**ORDERED**, that the OSC Hearing shall continue on **Tuesday, September 1, 2026 at 2:00 p.m.** ("Second OSC Hearing") before the Honorable Kyu Y. Paek in the United States Bankruptcy Court for the Southern District of New York, 355 Main Street, Poughkeepsie, NY 12601; and it is further

**ORDERED**, that Mr. Kaufman, as well as any and all persons who have aided Mr. Kaufman in the prosecution of these involuntary cases, shall appear **in-person** at the Second OSC Hearing; and it is further

**ORDERED**, that Mr. Kaufman shall file an affidavit ("Affidavit"), under penalty of perjury, by **August 25, 2026**, which shall include:

- evidence establishing that his $500,000.00 claim against Royal Energy and Royal Delaware is not subject to a bona fide dispute as to liability or amount;
- evidence establishing that Royal Energy and Royal Delaware each have less than 12 total creditors;
- an explanation as to why Mr. Kaufman commenced these involuntary cases;
- an explanation as to why Mr. Kaufman served a copy of the involuntary petitions on counsel for L&L Capital;
- an explanation as to why Mr. Halberstam waited eight days to prepare certificates of service with respect to the service of the summons and involuntary petitions on Royal Energy and Royal Delaware;
- an explanation of what Mr. Kaufman seeks to accomplish in these chapter 11 cases; and
- a description of Mr. Kaufman's relationship with Royal Energy and Royal Delaware as well as with any principal or employee of either entity. And it is further

**EXHIBIT B - August 5, 2026 Order Continuing Hearing on Order to Show Cause - 6 of 6**



**ORDERED**, that failure to timely file the Affidavit and/or appear at the Second OSC Hearing could result in the dismissal of the involuntary cases; and it is further

**ORDERED**, that violations of this Order could result in the issuance of civil contempt sanctions under the Court's inherent sanctioning authority as supplemented by 11 U.S.C. § 105(a); and it is further

**ORDERED**, that the Clerk's Office shall mail and email a copy of this Order to Mr. Kaufman; and it is further

**ORDERED**, that the Court retains jurisdiction to interpret, implement, and enforce this Order.

**Dated: August 5, 2026**
**Poughkeepsie, New York**

**/s/ Kyu Y. Paek**
**________________________**
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**

**EXHIBIT C - July 17, 2026 Order to Show Cause - 1 of 2**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------- X

In re:

ROYAL ENERGY PROPERTIES LLC,

Alleged Debtor.

Case No. 26-35727 (KYP)
Chapter 11 (Involuntary)

-------------------------------------- X

In re:

ROYAL ENERGY PROPERTIES DELAWARE LLC,

Alleged Debtor.

Case No. 26-35728 (KYP)
Chapter 11 (Involuntary)

-------------------------------------- X

**ORDER TO SHOW CAUSE WHY INVOLUNTARY CASES SHOULD NOT BE DISMISSED**

**WHEREAS**, on June 24, 2026, Adalbert Kaufman ("Petitioner") filed involuntary Chapter 11 bankruptcy petitions against alleged debtors Royal Energy Properties LLC and Royal Energy Properties Delaware LLC, which have been assigned case numbers 26-35727 and 26-35728, respectively (together, the "Involuntary Cases").

**WHEREAS**, the filing fee for an involuntary Chapter 11 petition is $1,738.00 per petition.

**WHEREAS**, the Petitioner has not paid the filing fee for either Involuntary Case.

**WHEREAS**, failure to pay the filing fee constitutes cause for dismissal under 11 U.S.C. § 1112(b)(4)(K).

**WHEREAS**, on July 9, 2025, the Clerk generated a *Summons to Debtor in Involuntary Case* in each Involuntary Case.

**WHEREAS**, pursuant to Fed. R. Bankr. P. 1010(a) and 7004(e), service of the involuntary petitions and summons is required within 7 days of issuance of the summons.

**WHEREAS**, pursuant to 11 U.S.C. § 303(j), the Court may dismiss an involuntary petition for lack of prosecution.

**EXHIBIT C - July 17, 2026 Order to Show Cause - 2 of 2**



**WHEREAS**, there is no affidavit showing service of the involuntary petition or the summons upon the alleged debtor in either Involuntary Case.

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the Petitioner shall appear before the Honorable Kyu Y. Paek on **August 4, 2026 at 10:00 a.m. (ET)** and show cause why this Court should not dismiss the Involuntary Cases for failure to prosecute and/or failure to pay the filing fee ("Hearing"); and it is further

**ORDERED**, that the Petitioner may file a written response to this Order by **July 28, 2026**; and it is further

**ORDERED**, that failure to appear at the Hearing may result in the dismissal of the Involuntary Cases; and it is further

**ORDERED**, that the Clerk's Office shall mail a copy of this Order to the Petitioner; and it is further

**ORDERED**, that this Court retains jurisdiction to interpret, implement, and enforce this Order.

**Dated: July 17, 2026**
**Poughkeepsie, New York**

**/s/ Kyu Y. Paek**
**_______________________**
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**

**EXHIBIT D - August 26, 2026 Docket Report (Historical) - 1 of 2**



**26-35728-kyp** Royal Energy Properties Delaware LLC
**Case type:** bk **Chapter:** 11 **Vol:** i **Judge:** Kyu Young Paek
**Date filed:** 06/24/2026 **Date of last filing:** 08/25/2026

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | *Filed:* 06/24/2026<br>*Entered:* 07/09/2026 | Involuntary Petition (Chapter 11) |
| | *Docket Text:* Involuntary Petition Against A Non-Individual (Chapter 11) **(Fee Amount $ 1738.00 Paid on 7/22/2026. Receipt Number 10003285)** Against: Royal Energy Properties Delaware LLC . Filed by Petitioning Creditor(s): Adalbert Kaufman. (Porter, Minnie) **Modified on 7/23/2026 to Add Receipt Number (Porter, Minnie).** | |
| | *Filed & Entered:* 07/09/2026 | Add Judge |
| | *Docket Text:* Judge Kyu Young Paek added to the case. (Porter, Minnie). | |
| 2 | *Filed & Entered:* 07/09/2026 | Auto Summons in an Involuntary Case(BK Only)(Involuntary) |
| | *Docket Text:* Summons To Debtor In Involuntary Case (DuBois, Linda). | |
| 3 | *Filed & Entered:* 07/17/2026 | Order to Show Cause |
| | *Docket Text:* Order to Show Cause Why Involuntary Cases Should not be Dismissed signed on 7/17/2026. Hearing to be held on 8/4/2026 at 10:00 AM at Videoconference (ZoomGov) (KYP) (Fredericks, Frances) | |
| 4 | *Filed:* 07/19/2026<br>*Entered:* 07/20/2026 | Certificate of Mailing PDF notice |
| | *Docket Text:* Certificate of Mailing (related document(s) (Related Doc # 3)) . Notice Date 07/19/2026. (Admin.) | |
| 5 | *Filed & Entered:* 07/21/2026 | Notice of Appearance |
| | *Docket Text:* Notice of Appearance *L&L Capital Partners LLC* filed by Clifford A. Katz on behalf of L&L Capital Partners LLC. (Katz, Clifford) | |
| 6 | *Filed & Entered:* 07/22/2026 | Certificate of Service |
| | *Docket Text:* Certificate of Service Filed by Mordechai Halberstam. (Kinchen, Gwen) | |
| 7 | *Filed & Entered:* 07/31/2026 | Response |
| | *Docket Text:* Response *to the order to show cause* filed by Adalbert Kaufman. (Kinchen, Gwen) | |
| 8 | *Filed:* 08/04/2026<br>*Entered:* 08/05/2026 | Blank Notice |
| | *Docket Text:* **Disregard, this BNC Notice has been cancelled** ~~Notice of Adjournment of Hearing re: Order to Show Cause Why Involuntary Cases Should not be Dismissed signed on 7/17/2026 (related document(s)3); Hearing held and adjourned to 10:00 AM at Videoconference (ZoomGov) (KYP)~~ (DuBois, Linda). Modified on 8/5/2026 (DuBois, Linda). Modified on 8/5/2026 (Fredericks, Frances). | |
| 9 | *Filed & Entered:* 08/05/2026 | Blank Notice |
| | *Docket Text:* Notice of adjournment of hearing re: Order to Show Cause Why Involuntary Cases Should not be Dismissed signed on 7/17/2026 (related document(s)3); Hearing held and adjourned to 9/1/2026 at ~~10:00 AM~~ 2:00 PM **IN PERSON** at 355 Main Street, Poughkeepsie, NY ~~Videoconference (ZoomGov) (KYP)~~ (DuBois, Linda). Modified on 8/6/2026 to correct hearing time (See Document #10) (Fredericks, Frances). Modified on 8/17/2026 (Fredericks, Frances). | |
| 10 | *Filed & Entered:* 08/05/2026 | Scheduling Order |

**EXHIBIT D - August 26, 2026 Docket Report (Historical) - 2 of 2**



| | | | |
|---|---|---|---|
| | *Docket Text:* Order Continuing Hearing on Order to Show Cause signed on 8/5/2026. (related document(s)3). **In person hearing** to be held on 9/1/2026 at 02:00 PM at Poughkeepsie Courthouse - 355 Main Street (KYP) (Fredericks, Frances) | | |
| 11 | *Filed:*<br>*Entered:* | 08/07/2026<br>08/08/2026 | Certificate of Mailing - Blank Notice |
| | *Docket Text:* Certificate of Mailing. (related document(s) (Related Doc # 9)) . Notice Date 08/07/2026. (Admin.) | | |
| 12 | *Filed:*<br>*Entered:* | 08/08/2026<br>08/09/2026 | Certificate of Mailing PDF notice |
| | *Docket Text:* Certificate of Mailing (related document(s) (Related Doc # 10)) . Notice Date 08/08/2026. (Admin.) | | |
| 13 | *Filed & Entered:* | 08/14/2026 | Motion to Vacate |
| | *Docket Text:* Motion to Vacate *Or Modify The August 5, 2026 Order For Lack Of Adequate Notice, To Clarify Nonparty Appearance Requirements, Extend Time, Permit Remote Appearance, And Stay Limited Provisions Pending Appeal* filed by Adalbert Kaufman. (Kinchen, Gwen) | | |
| 14 | *Filed & Entered:* | 08/19/2026 | Motion for Leave to Appeal |
| | *Docket Text:* Motion for Leave to Appeal filed by Adalbert Kaufman. (Kinchen, Gwen) | | |
| 15 | *Filed:*<br>*Entered:* | 08/25/2026<br>08/26/2026 | Declaration |
| | *Docket Text:* Declaration *Of Adalbert Kaufman In Response To August 5, 2026 Order And Request For Medical Accommodation* filed by Adalbert Kaufman. (Kinchen, Gwen) | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/26/2026 21:13:06 | | | |
| **PACER Login:** | breslov1 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 26-35728-kyp Type: History Docket Text: DisplayDktText |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**EXHIBIT E - September 4, 2026 Docket Report Through Dismissal - 1 of 4**



**26-35728-kyp** Royal Energy Properties Delaware LLC
**Case type:** bk **Chapter:** 11 **Vol:** i **Judge:** Kyu Young Paek
**Date filed:** 06/24/2026 **Date of last filing:** 09/03/2026
**Debtor dismissed:** 09/03/2026
**Date terminated:** 09/03/2026

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:*<br>*Entered:*<br>*Terminated:* | 06/24/2026<br>07/09/2026<br>09/03/2026 | Involuntary Petition (Chapter 11) |
| | *Docket Text:* Involuntary Petition Against A Non-Individual (Chapter 11) **(Fee Amount $ 1738.00 Paid on 7/22/2026. Receipt Number 10003285)** Against: Royal Energy Properties Delaware LLC . Filed by Petitioning Creditor(s): Adalbert Kaufman. (Porter, Minnie) **Modified on 7/23/2026 to Add Receipt Number** (Porter, Minnie). Modified on 8/28/2026 (Fredericks, Frances). | | |
| | *Filed & Entered:*<br>*Terminated:* | 07/09/2026<br>09/03/2026 | Add Judge |
| | *Docket Text:* Judge Kyu Young Paek added to the case. (Porter, Minnie). | | |
| 2 | *Filed & Entered:*<br>*Terminated:* | 07/09/2026<br>09/03/2026 | Auto Summons in an Involuntary Case(BK Only)(Involuntary) |
| | *Docket Text:* Summons To Debtor In Involuntary Case (DuBois, Linda). | | |
| 3 | *Filed & Entered:*<br>*Terminated:* | 07/17/2026<br>09/03/2026 | Order to Show Cause |
| | *Docket Text:* Order to Show Cause Why Involuntary Cases Should not be Dismissed signed on 7/17/2026. Hearing to be held on 8/4/2026 at 10:00 AM at Videoconference (ZoomGov) (KYP) (Fredericks, Frances) | | |
| 4 | *Filed:*<br>*Entered:*<br>*Terminated:* | 07/19/2026<br>07/20/2026<br>09/03/2026 | Certificate of Mailing PDF notice |
| | *Docket Text:* Certificate of Mailing (related document(s) (Related Doc # 3)) . Notice Date 07/19/2026. (Admin.) | | |
| 5 | *Filed & Entered:*<br>*Terminated:* | 07/21/2026<br>09/03/2026 | Notice of Appearance |
| | *Docket Text:* Notice of Appearance *L&L Capital Partners LLC* filed by Clifford A. Katz on behalf of L&L Capital Partners LLC. (Katz, Clifford) | | |
| 6 | *Filed & Entered:*<br>*Terminated:* | 07/22/2026<br>09/03/2026 | Certificate of Service |
| | *Docket Text:* Certificate of Service Filed by Mordechai Halberstam. (Kinchen, Gwen) | | |
| 7 | *Filed & Entered:*<br>*Terminated:* | 07/31/2026<br>09/03/2026 | Response |
| | *Docket Text:* Response *to the order to show cause* filed by Adalbert Kaufman. (Kinchen, Gwen) | | |
| 8 | *Filed:*<br>*Entered:*<br>*Terminated:* | 08/04/2026<br>08/05/2026<br>09/03/2026 | Blank Notice |
| | *Docket Text:* **Disregard, this BNC Notice has been cancelled** ~~Notice of Adjournment of Hearing re: Order to Show Cause Why Involuntary Cases Should not be Dismissed signed on 7/17/2026 (related~~ | | |

**EXHIBIT E - September 4, 2026 Docket Report Through Dismissal - 2 of 4**



| | | | |
|---|---|---|---|
| | ~~document(s)3); Hearing held and adjourned to 10:00 AM at Videoconference (ZoomGov) (KYP)~~ (DuBois, Linda). Modified on 8/5/2026 (DuBois, Linda). Modified on 8/5/2026 (Fredericks, Frances). | | |
| 9 | *Filed & Entered:*<br>*Terminated:* | 08/05/2026<br>09/03/2026 | Blank Notice |
| | *Docket Text:* Notice of adjournment of hearing re: Order to Show Cause Why Involuntary Cases Should not be Dismissed signed on 7/17/2026 (related document(s)3); Hearing held and adjourned to 9/1/2026 at ~~10:00 AM~~ 2:00 PM **IN PERSON** at 355 Main Street, Poughkeepsie, NY ~~Videoconference (ZoomGov) (KYP)~~ (DuBois, Linda). Modified on 8/6/2026 to correct hearing time (See Document #10) (Fredericks, Frances). Modified on 8/17/2026 (Fredericks, Frances). | | |
| 10 | *Filed & Entered:*<br>*Terminated:* | 08/05/2026<br>09/03/2026 | Scheduling Order |
| | *Docket Text:* Order Continuing Hearing on Order to Show Cause signed on 8/5/2026. (related document(s)3). **In person hearing** to be held on 9/1/2026 at 02:00 PM at Poughkeepsie Courthouse - 355 Main Street (KYP) (Fredericks, Frances) | | |
| 11 | *Filed:*<br>*Entered:*<br>*Terminated:* | 08/07/2026<br>08/08/2026<br>09/03/2026 | Certificate of Mailing - Blank Notice |
| | *Docket Text:* Certificate of Mailing. (related document(s) (Related Doc # 9)) . Notice Date 08/07/2026. (Admin.) | | |
| 12 | *Filed:*<br>*Entered:*<br>*Terminated:* | 08/08/2026<br>08/09/2026<br>09/03/2026 | Certificate of Mailing PDF notice |
| | *Docket Text:* Certificate of Mailing (related document(s) (Related Doc # 10)) . Notice Date 08/08/2026. (Admin.) | | |
| 13 | *Filed & Entered:*<br>*Terminated:* | 08/14/2026<br>09/03/2026 | Motion to Vacate |
| | *Docket Text:* Motion to Vacate *Or Modify The August 5, 2026 Order For Lack Of Adequate Notice, To Clarify Nonparty Appearance Requirements, Extend Time, Permit Remote Appearance, And Stay Limited Provisions Pending Appeal* filed by Adalbert Kaufman. (Kinchen, Gwen) | | |
| 14 | *Filed & Entered:*<br>*Terminated:* | 08/19/2026<br>09/03/2026 | Motion for Leave to Appeal |
| | *Docket Text:* Motion for Leave to Appeal filed by Adalbert Kaufman. (Kinchen, Gwen) | | |
| 15 | *Filed:*<br>*Entered:*<br>*Terminated:* | 08/25/2026<br>08/26/2026<br>09/03/2026 | Declaration |
| | *Docket Text:* Declaration *Of Adalbert Kaufman In Response To August 5, 2026 Order And Request For Medical Accommodation* filed by Adalbert Kaufman. (Kinchen, Gwen) | | |
| 16 | *Filed & Entered:*<br>*Terminated:* | 08/27/2026<br>09/03/2026 | Scheduling Order |
| | *Docket Text:* Order Permitting Remote Appearance At Second OSC Hearing Signed On 8/27/2026. (Kinchen, Gwen) | | |
| 17 | *Filed & Entered:*<br>*Terminated:* | 08/28/2026<br>09/03/2026 | Order (GENERIC) |
| | *Docket Text:* Order **Denying** Request for Court-Appointed Interpreter. signed on 8/28/2026. (DuBois, Linda) | | |
| 18 | *Filed & Entered:*<br>*Terminated:* | 08/28/2026<br>09/03/2026 | Notice |

**EXHIBIT E - September 4, 2026 Docket Report Through Dismissal - 3 of 4**



| | | | |
|---|---|---|---|
| | *Docket Text:* Notice of mailing - Order to Pro Se Petitioning Creditor. (DuBois, Linda). | | |
| 19 | *Filed:*<br>*Entered:*<br>*Terminated:* | 08/29/2026<br>08/30/2026<br>09/03/2026 | Certificate of Mailing PDF notice |
| | *Docket Text:* Certificate of Mailing (related document(s) (Related Doc # 16)) . Notice Date 08/29/2026. (Admin.) | | |
| 20 | *Filed:*<br>*Entered:*<br>*Terminated:* | 08/30/2026<br>08/31/2026<br>09/03/2026 | Certificate of Mailing PDF notice |
| | *Docket Text:* Certificate of Mailing (related document(s) (Related Doc # 18)) . Notice Date 08/30/2026. (Admin.) | | |
| | *Filed & Entered:*<br>*Terminated:* | 08/31/2026<br>09/03/2026 | Auto- docket of credit card |
| | *Docket Text:* Receipt of Motion for Relief from Stay (fee)( 26-35728-kyp) [motion,185] ( 199.00) Filing Fee. Receipt number A17664959. Fee amount 199.00. (Re: Doc # 22) (U.S. Treasury) | | |
| 21 | *Filed & Entered:*<br>*Terminated:* | 08/31/2026<br>09/03/2026 | Statement |
| | *Docket Text:* Statement *Of L&L Capital LLC In Support of Court's Order to Show Cause Dismissing the Involuntary Petition* filed by Clifford A. Katz on behalf of L&L Capital Partners LLC. with hearing to be held on 9/1/2026 (check with court for location) (Attachments: # 1 Declaration of Adam Nagin In Support of Court's Order to Show Cause Dismissing the Involuntary Petition # 2 Proposed Order) (Katz, Clifford) | | |
| 22 | *Filed & Entered:*<br>*Terminated:* | 08/31/2026<br>09/03/2026 | Motion for Relief from Stay (fee) |
| | *Docket Text:* Motion for Relief from Stay *or in the Alternative Dismissal of the Involuntary Petition* filed by Clifford A. Katz on behalf of L&L Capital Partners LLC with hearing to be held on 10/13/2026 at 10:15 AM at Poughkeepsie Courthouse - 355 Main Street (KYP) Responses due by 10/6/2026,. (Attachments: # 1 Application in Support of Motion For Dismissal of Involuntary Petition or In the Alternative Relief From the Automatic Stay # 2 Declaration of Adam Nagin In Support of Motion To Dismiss Involuntary Petition or in the Alternative Relief From the Automatic Stay # 3 Proposed Order) (Katz, Clifford) | | |
| | *Filed:*<br>*Entered:*<br>*Terminated:* | 09/01/2026<br>09/03/2026<br>09/03/2026 | Terminate Pending Deadlines |
| | *Docket Text:* Pending Deadlines Terminated RE: Order to Show Cause signed on 8/5/2026. (related document(s)3); hearing held, case dismissed with prejudice; submit order in accordance with 9/1/2026 ruling. (Ashmeade, Vanessa). | | |
| | *Filed & Entered:*<br>*Terminated:* | 09/03/2026<br>09/03/2026 | Terminate Pending Deadlines |
| | *Docket Text:* Pending Deadlines Terminated RE: Motion for Relief from Stay or in the Alternative Dismissal of the Involuntary Petition filed by Clifford A. Katz on behalf of L&L Capital Partners LLC with hearing to be held on 10/13/2026 at 10:15 AM at Poughkeepsie Courthouse - 355 Main Street (KYP) Responses due by 10/6/2026, (related doc.22); hearing not held, stricken moot; case dismissed. See Doc. 23 (Ashmeade, Vanessa). | | |
| | *Filed & Entered:*<br>*Terminated:* | 09/03/2026<br>09/03/2026 | Terminate Pending Documents |

**EXHIBIT E - September 4, 2026 Docket Report Through Dismissal - 4 of 4**



| | | | |
|---|---|---|---|
| | *Docket Text:* Pending Deadlines Terminated RE: Motion for Relief from Stay or in the Alternative Dismissal of the Involuntary Petition filed by Clifford A. Katz on behalf of L&L Capital Partners LLC with hearing to be held on 10/13/2026 at 10:15 AM at Poughkeepsie Courthouse - 355 Main Street (KYP) Responses due by 10/6/2026, (related doc.22); hearing not held, stricken moot; case dismissed. See Doc. 23 (Ashmeade, Vanessa). | | |
| | *Filed & Entered:* | 09/03/2026 | Close Bankruptcy Case |
| | *Docket Text:* Case Closed. (Kinchen, Gwen). | | |
| 23 | *Filed & Entered:*<br>*Terminated:* | 09/03/2026<br>09/03/2026 | Order to Dismiss with Prejudice |
| | *Docket Text:* Order Signed on 9/3/2026 to Dismiss with Prejudice for One Year. (Kinchen, Gwen) | | |
| 24 | *Filed & Entered:*<br>*Terminated:* | 09/03/2026<br>09/03/2026 | Notice |
| | *Docket Text:* Notice of dismissal to all parties. (Kinchen, Gwen) | | |

**PACER Service Center**

**Transaction Receipt**

09/04/2026 10:06:08

| | | | |
|---|---|---|---|
| **PACER Login:** | breslov1 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 26-35728-kyp Type: History Docket Text: DisplayDktText |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

Appellant purports to be seeking emergency relief pursuant to Federal Rule of Bankruptcy Procedure 8013(d). First and foremost, he does not explain the irreparable injury he will suffer that would justify emergency relief. *See, e.g.*, *In re Windstream Holdings, Inc.*, No. 20-CV-4276, 2020 WL 4481933, at *3 (S.D.N.Y. Aug. 3, 2020) (declining to grant emergency motion where the movant failued adequately to explain the likelihood of irreparable injury). And more fundamentally, it fails to comply with certain requirements of form laid out in that rule. *See* Fed. R. of Bankr. Proc. 8013(d) (stating that the movant "must insert 'Emergency' before the motion's title," and include "an affidavit setting forth the nature of the emergency," among other necessary submissions). Further, the Motion does not indicate that Appellant made "every practicable effort to notify opposing counsel and any unrepresented party in time for them to respond." See Fed. R. of Bankr. Proc. 8013(d)(3). Insofar as Appellant's Motion should be construed as one seeking emergency relief under Rule 8013(d), it is denied without prejudice.

SO ORDERED.



Sept. 14, 2026